# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION** | MDL Docket No. 1:22-md-03035-STA-jay <br><br> ALL CASES <br><br> Honorable S. Thomas Anderson |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO SEVER AND STAY CLAIMS AGAINST DEFENDANT JARROD ERWIN

On April 7, 2023, Defendant Jarrod Erwin ("Erwin") filed a Suggestion of Bankruptcy and Notice of Automatic Stay of Proceedings on the docket for the AME Church MDL. Dkt. No. 205. The same day, Erwin filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. *See In re Jarrod Reed Erwin*, No. 23-31315-H5-13 (Bankr. S.D.Tx.). Since filing for bankruptcy, Erwin has taken the position that any discovery taken in the MDL will violate the Automatic Stay in the bankruptcy case. Erwin's bankruptcy case remains pending as of today. Accordingly, in the interest of fairness and judicial economy, Plaintiffs respectfully move the Court to sever their claims against Jarrod Erwin and therefore divide this case into two separate tracks, one consisting of Plaintiffs' claims against Jarrod Erwin, which would be stayed pending the outcome of the bankruptcy, and one consisting of Plaintiffs' claims against all other named Defendants.[1] Erwin does not oppose this Motion.

---

[1] The other Defendants are: the African Methodist Episcopal Church ("AMEC"); AMEC Department of Retirement Services; AMEC General Board; AMEC Council of Bishops; Bishop Samuel L. Green, Sr.; Bishop James Davis; Dr. Jerome V. Harris; Robert Eaton; Randall Erwin; Financial Freedom Funds, LLC; Financial Freedom Group, Inc.; Financial Technologies, LLC; Motorskill Venture Group; Motorskill Asia Venture Group; Motorskill Ventures 1, L.P.; Motorskill Asia Ventures 1, L.P.; Newport Group, Inc.; Symetra Life Insurance Company; and Rodney Brown.

## BACKGROUND

The AME Church MDL centers on the loss of more than $90 million dollars from the retirement fund ("the AME Fund") for clergy members of the African Methodist Episcopal Church ("AMEC"). One of the primary vehicles for the loss was a group of venture capital companies: Motorskill Asia Ventures I, L.P., Motorskill Ventures I, L.P., Motorskill Venture Group, and Motorskill Asia Venture Group. These companies (collectively, the "Motorskill Defendants") were owned and managed by Erwin, his father (Randall Erwin), and his brother (Ryan Erwin).

From approximately 2005 to 2016, the AME Fund invested (either directly or indirectly via investment entities set up by the AME Fund director, Dr. Jerome Harris) a total of $37.5 million in the Motorskill Defendants. In 2019, the Motorskill Defendants stopped sending investment return statements to Dr. Harris. Dr. Harris continued to request statements until he was sent a letter by the Motorskill Defendants' attorney on June 11, 2021, informing him that "there [was] nothing of any meaningful value remaining in the [Motorskill venture capital fund]." In other words, Erwin and the Motorskill Defendants had somehow lost the entire AME Fund investment. Tens of millions of dollars, money that was meant to fund the retirements of thousands of African American ministers, had vanished. AMEC publicly admitted in January of 2022 that more than $90 million was missing from the AME Fund.

The first of several complaints in the AME Church MDL was filed in early March of 2022, naming Jarrod Erwin a defendant, among others. The AMEC Defendants also filed against Erwin as a cross-plaintiff/third-party plaintiff. All of the ensuing complaints were consolidated into this MDL in June of 2022. A Consolidated Amended Complaint was filed by Plaintiffs in August of 2022. In response to the Consolidated Amended Complaint, AMEC filed an Answer and Cross-Complaint on October 18, 2022. AMEC's filing again named Erwin as a Cross-Defendant. *See*

2

Dkt. No. 116.

In December of 2022, this Court entered an order permitting Plaintiffs to conduct a two-hour deposition of Jarrod Erwin for the limited purpose of obtaining information regarding the location and health status of Randall Erwin as well as the contact information and basic structural information of Motorskill. *See* Dkt. No. 165. Erwin's subsequent motion for a protective order to set aside the Court's order granting the two-hour deposition was denied on January 30, 2023. *See* Dkt. No. 187. The Court directed the deposition to take place within thirty days unless the parties stipulated otherwise, but on February 24, 2023, Plaintiffs were informed that Randall Erwin had passed away.

In late February of 2023, Jarrod Erwin's counsel, Perry Craft, informed Plaintiffs' counsel that there were more than 30 boxes of documents related to Erwin, his father, his brother, and the Motorskill Defendants that were supposedly being delivered to Mr. Craft's office in Nashville. Mr. Craft indicated he expected the documents to be delivered by early April. On March 23, Mr. Craft informed Plaintiffs' counsel that he would have the documents on April 6, and would make Erwin's initial disclosures that same day. Mr. Craft also suggested April 26, for Erwin's deposition. However, follow-up attempts from March 23, to April 5, to confirm a date for Erwin's deposition were unsuccessful and Plaintiffs served notice of Erwin's deposition on April 7. Erwin's deposition was noticed for April 24.

On the same day that he received Plaintiffs' notice for his deposition, April 7, 2023, Erwin filed his Chapter 7 bankruptcy petition. *See In re Jarrod Reed Erwin*, No. 23-31315-H5-13 (Bankr. S.D.Tx.). Mr. Craft explained to Plaintiffs' counsel that as of April 5, he had been expecting the documents to be delivered to his office on April 8. Instead, he learned on April 6 that Erwin was going to be filing for bankruptcy and, apparently, plans had changed about whether to deliver these

3

documents to his office. Mr. Craft indicated that as a result of the bankruptcy petition and the automatic stay, Erwin would no longer be attending the deposition or providing the documents as discussed.

On April 17, 2023, Plaintiffs filed an Emergency Motion for Relief from the Automatic Stay in the bankruptcy, requesting in part that the Bankruptcy Court direct Erwin to produce the boxes of documents that Erwin had indicated he was going to produce as part of his initial disclosures as well as to conduct the two-hour deposition. On May 1, the Bankruptcy Court granted Plaintiffs' request for production of documents and ordered Erwin to submit to a Rule 2004 examination, but ultimately abated Plaintiffs' Emergency Motion for Relief from the Automatic Stay. On May 5, Erwin moved to convert his case to a Chapter 13 bankruptcy, which the Bankruptcy Court granted. On June 9, the Chapter 13 Trustee moved to dismiss Erwin's bankruptcy case, which Plaintiffs later joined. On June 27, Plaintiffs' counsel conducted Erwin's Rule 2004 examination, and at a follow-up hearing on June 29, the Bankruptcy Court denied Plaintiffs' Emergency Motion for Relief from the Automatic Stay without prejudice.

On July 7, 2023, Plaintiffs filed a Motion for Sanctions against Erwin related to the withholding of certain documents from the 56 boxes of documents delivered to Plaintiffs on May 15. The removal of documents was discovered during Erwin's Rule 2004 examination. The Court heard Plaintiffs' sanctions motion on August 16 and vacated its order previously denying Plaintiffs' Motion for Relief from the Automatic Stay and ordered Erwin to produce the withheld documents by August 25. Erwin produced four additional boxes of documents and at a status conference on August 29, the Bankruptcy Court abated any ruling on further relief from the automatic stay pending further activity in this case.

4

Regarding AMEC's cross-claims against Erwin, the AMEC Defendants filed a Motion for Relief from the Automatic Stay on July 25, 2023, asking the Bankruptcy Court to modify the automatic stay to allow AMEC to pursue its cross-claims against Erwin in the MDL. AMEC's Motion for Relief from the Automatic Stay was originally set for hearing on August 16, but was continued a couple of times by AMEC and Erwin. AMEC withdrew their Motion for Relief from the Automatic Stay without prejudice on September 25 by agreement between Erwin and the AMEC Defendants. Simultaneously, on July 25, 2023, AMEC filed its First Amended Partial Answer of AMEC Defendants to Consolidated Amended Complaint, Cross-Complaint, and Third-Party Complaint in the MDL. The Cross-Complaint removed all claims AMEC had previously asserted against Jarrod Erwin in October of 2022. This change was made in response to Jarrod Erwin's Chapter 13 bankruptcy proceedings.

Lastly, the Chapter 13 Trustee's motion to dismiss Erwin's bankruptcy case has also been continued several times and is currently set for hearing on October 26, 2023.

## ARGUMENT

Jarrod Erwin has taken the position that any discovery in this MDL would violate the terms of the Bankruptcy Court's automatic stay of proceedings. However, Plaintiffs have a continuing duty to prosecute and investigate their claims arising out of the mismanagement and systematic looting of the AME Fund. Despite diligently seeking relief from the automatic stay and conducting the limited discovery allowed by the Bankruptcy Court in Erwin's bankruptcy case, the automatic stay remains in effect thus stalling Plaintiffs' discovery efforts in the MDL. Plaintiffs cannot forecast if or when Erwin's bankruptcy case might be dismissed or if it will remain pending for the foreseeable future. Plaintiffs therefore request that the Court sever the case against Jarrod Erwin so that Plaintiffs may continue to pursue their claims against the remaining, non-bankrupt

5

Defendants.

Fed. R. Civ. P. 21 gives the Court authority to "sever any claim against a party." *Green v. Behrens*, No. BK12–81071, 2012 WL 5051463, at *2 (Bankr. D. Neb. Oct. 18, 2012) (citing *McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 471 (D. Ore. 2002)). The Court's discretion in this regard is broad. In exercising its discretion, a court may consider factors such as: (1) whether the claims are "inextricably intertwined"; (2) whether issues to be tried separately are significantly different from one another; (3) whether the issues to be separated require testimony of different witnesses or different documentary evidence; (4) whether the party requesting severance would be prejudiced if it were not granted; (5) convenience of the parties; (6) promotion of expeditious resolution of the litigation; (7) judicial economy; and (8) whether a third-party claim unduly complicates the litigation. *Harbison v. Rich Gullet & Sons, Inc.*, No. 4:13–CV–1138, 2014 WL 5483569, at *6 (E.D. Mo. Oct. 29, 2014); *Glorvigen v. Cirrus Design Corp.*, No. 06–2661, 2006 WL 3043222, at *5 (D. Minn. Oct. 24, 2006); *Green*, 2012 WL 5051463 at *2.

Application of the Rule 21 factors weighs heavily in favor of severing the claims against Erwin from this litigation. Although Plaintiffs' claims against Erwin and the other named Defendants are based on the same set of operative facts, Plaintiffs have a separate claim against each named Defendant. Plaintiffs have the burden to prove liability as to each individual Defendant and therefore must be permitted to discover the evidence in the possession of each individual Defendant. Plaintiffs' claims against Erwin are not inextricably intertwined with Plaintiffs' claims against any of the non-Motorskill Defendants; none of the non-Motorskill Defendants can plausibly argue that Erwin purported to authorize their actions relating to the AME Fund.

Furthermore, the Motorskill Defendants appear to be defunct[2] and/or have limited resources, which makes them secondary to the resolution of the MDL.

The existence of the Bankruptcy Court's automatic stay of proceedings as to Erwin is a major inconvenience to all other parties in this MDL and significantly complicates the discovery and litigation process even when the specific action being contemplated does not directly involve Erwin. Rather than being constantly forced to consider whether some action indirectly affects Erwin's interests in this MDL and therefore risks violating the automatic stay, the other parties should be empowered to litigate this case in an expeditious manner and attempt to resolve the pending claims between them. This is particularly true for the Plaintiffs, who are unlikely to obtain any relatively significant recovery from Erwin given his financial disclosures in the bankruptcy case and deserve the opportunity to seek recovery from the other Defendants without further delay.

Should discovery in this MDL remain stayed throughout the entirety of the bankruptcy proceeding, which could last for years, Plaintiffs would be significantly prejudiced by an inability to properly conduct and participate in the normal course of discovery to determine the liability of each remaining Defendant, particularly with respect to document production due to the potential loss or destruction of documents and deposition testimony due to the passage of time. Conversely, judicial economy would be enhanced by severance since the Court will be freed from the burden of navigating the divide between its authority to manage the MDL and the authority of the Bankruptcy Court. Finally, since Erwin has not asserted any claims in this MDL and AMEC has

---

[2] Only two of the four Motorskill Defendants have been served: Motorskill Ventures 1, L.P. and Motorskill Asia Ventures 1, L.P. These two Motorskill Defendants have not answered or otherwise responded to Plaintiffs' Amended Complaint. Erwin has contended in the bankruptcy case that Motorskill Ventures 1, L.P. and Motorskill Asia Ventures 1, L.P. are no longer in existence. Additionally, Erwin has contended that the two Motorskill Defendants that have not been served, Motorskill Venture Group and Motorskill Asia Venture Group, are not known entities.

amended its Cross-Complaint to remove the claim against him, there is no risk that a third-party claim would complicate this litigation after severance of Plaintiffs' claims against Erwin.

Plaintiff has consulted with Counsel for Erwin and Erwin does not oppose this Motion to sever and stay Plaintiffs' claims against him.

Plaintiffs therefore respectfully request that the Court sever Plaintiffs' claims against Defendant Jarrod Erwin from the other named Defendants and allow Plaintiffs to continue pursuing their claims against the remaining named Defendants. Plaintiffs further ask the Court to stay the severed claims against Defendant Jarrod Erwin pending the completion of his bankruptcy case.

DATED: October 4, 2023,　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　*/s/ Matthew E. Lee*　　　　　　　　　　　　Gregorio A. Francis
　　　　　　Matthew E. Lee　　　　　　　　　　　　**OSBORNE & FRANCIS LAW**
**MILBERG COLEMAN BRYSON**　　　　　　　　**FIRM, PLLC**
**PHILLIPS GROSSMAN, PLLC**　　　　　　433 Plaza Real, Suite 271 Boca
900 W. Morgan Street　　　　　　　　　　　　Raton, FL 33432
Raleigh, NC 27603　　　　　　　　　　　　　　(561) 293-2600
919-600-5000　　　　　　　　　　　　　　　　Fax: (561) 923-8100
Fax: 919-600-5035　　　　　　　　　　　gfrancis@realtoughlawyers.com
mlee@milberg.com

***Interim Co-Lead Counsel***

J. Gerard Stranch, IV
**STRANCH, JENNINGS & GARVEY PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
Fax: (615) 255-5419
gstranch@stranchlaw.com

***Liaison Counsel***

8

<table>
<tr><td>

Dhamian Blue
**BLUE LLP**
P.O. Box 1730
Raleigh, NC 27602
919-833-1931
Fax: 919-833-8009
dab@bluellp.com

Kenneth S. Byrd
**LIEFF CABRASER
HEIMANN & BERNSTEIN, LLP**
222 2nd Ave S
Nashville, TN 37210
615-313-9000
Fax: 615-313-9965
kbyrd@lchb.com

Richard Schulte
**WRIGHT & SCHULTE LLC**
865 S. Dixie Dr.
Vandalia, OH 45377
937-435-9999
Fax: 937-435-7511
rschulte@yourlegalhelp.com

</td><td>

Elizabeth Hopkins
**KANTOR & KANTOR LLP**
19839 Nordhoff Street
Northridge, CA 91324
818-886-2525
Fax: 818-350-6274
ehopkins@kantorlaw.net

Dean Graybill
**AARP Foundation**
601 E Street, NW
Washington, DC 20049
(202) 434-6280
Fax: (202) 434-6424
dgraybill@aarp.org

</td></tr>
</table>

*<u>Plaintiffs' Steering Committee</u>*

*Attorneys for Plaintiffs and Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2023, I electronically filed the above with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Matthew E. Lee*
Matthew E. Lee