IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION** | MDL Docket No. 1:22-md-03035-STA-jay<br>ALL CASES<br><br>Honorable S. Thomas Anderson |

**JOINT STATUS UPDATE IN ADVANCE OF THE
FEBRUARY 4, 2025 STATUS CONFERENCE**

At the initial status conference in this matter, the Court requested that the Parties provide a joint update on the status of litigation seven days before each status conference. [ECF No. 69]. In advance of the February 4, 2025 status conference, the Parties report as follows:

I. **Procedural Overview Since the December 19, 2024 Status Conference**

There are three pending discovery motions, three pending partial motions to dismiss Plaintiffs' Second Amended Consolidated Complaint, one pending partial motion to dismiss the AMEC Defendants' Second Amended Cross-Complaint, the AMEC Defendants and Plaintiffs' motion to dismiss Bishop Green and Bishop Davis, and Plaintiffs and the AMEC Defendants' motion for preliminary approval of their settlement.

    a. **Discovery Motions**

The first pending discovery motion is a motion to compel filed by Plaintiffs on

December 10, 2024 against the AMEC Defendants that seeks copies of transcripts, pleadings, and discovery exchanged in the arbitration between them and Symetra. [ECF No. 615]. The AMEC Defendants did not respond to the motion, but Symetra did on January 15, 2025. Plaintiffs filed a reply brief on January 24. [ECF No. 689]. The AMEC Defendants also filed a reply brief on January 27. [ECF No. 697]. That motion is now fully briefed and was referred to Magistrate Judge York.

The second pending discovery motion is a motion to compel by Plaintiffs for certain testimony and discovery responses related to the profits that Symetra made from the Plan's investments with Symetra. [ECF No. 616]. Symetra responded to that motion on January 3. [ECF No. 652]. That motion is fully briefed and was referred to Magistrate Judge York.

The third pending discovery motion is a motion to compel filed by Plaintiffs to compel Day and Night Solar, LLC to respond to Plaintiffs' discovery requests that were served on October 30, 2024. [ECF No. 673]. Day and Night Solar's response to that motion is due on January 29, 2025.[1]

   b. **Pending Motions to Dismiss**

There are three pending partial motions to dismiss Plaintiffs' Second Consolidated Amended Complaint. On September 20, 2024, Newport filed a partial motion to dismiss [ECF No. 521], the AMEC Defendants filed a partial motion to dismiss [ECF No. 522], and Symetra filed a motion to stay and dismiss [ECF No. 525].

---

[1] As detailed in Subpart II(a) below, Day and Night Solar served responses to Plaintiffs' interrogatories on January 22, 2025. Plaintiffs maintain that Day and Night Solar's responses are deficient, and those parties are conferring. [ECF No. 684].

2

At the Parties' request, the Court stayed the briefing regarding the AMEC Defendants' motion due to the settlement with Plaintiffs. [ECF No. 569]. Plaintiffs' responses to Newport and Symetra's motions were filed on November 26. [ECF Nos. 590, 591]. Newport and Symetra's replies were filed on December 13. [ECF Nos. 626, 629]. The Parties understand that the Court is working on orders for these motions and no further argument by the Parties is necessary.

Newport also filed a partial motion to dismiss the AMEC Defendants' Second Amended Cross-Complaint on December 19, 2024. [ECF No. 640]. AMEC filed its response on January 27, 2025. [ECF No. 698]. Under Local Rule 12.1(c), Newport's reply brief is due on February 10, 2025, although Newport may seek a brief extension of such deadline, following consultation with AMEC, if permitted by the Court.

### c. **Motion for Preliminary Approval of Settlement with the AMEC Defendants and Motion to Dismiss Bishops Green and Davis**

Plaintiffs and the AMEC Defendants filed for preliminary approval of their settlement in advance of the December status conference. [ECF Nos. 627, 628]. Symetra filed an opposition to that motion on January 9, 2025, which was joined by Defendants Eaton and Financial Freedom Group. [ECF Nos. 662, 664]. Plaintiffs will file a reply brief on January 28. The Parties expect the Court to hear argument on the motion to preliminarily approve the settlement at the February 4 status conference.

Plaintiffs and the AMEC Defendants also have a pending joint motion to dismiss Plaintiffs' claims against Bishops Green and Davis as part of the settlement. [ECF No. 586]. Symetra responded to this motion on December 9, 2024. [ECF No.

3

608]. AMEC filed a reply on January 6, 2025. [ECF No. 653].

### d. Proposed Adjustments to the Remaining Schedule

On January 10, Magistrate Judge York held a hearing to address disputes that had arisen regarding certain remaining depositions. [ECF No. 672]. As part of that hearing, Magistrate Judge York extended the deadlines for the close of fact discovery and expert disclosures by 10 days. [ECF No. 672, ¶¶ 1-4]. Accordingly, fact discovery is now closing on January 31, 2025, and Plaintiffs, Cross-Plaintiffs, and Third-Party Plaintiffs' initial expert disclosures are due on January 31 as well. Defendants' rebuttal expert disclosures are due on March 3, and Plaintiffs, Cross-Plaintiffs, and Third-Party Plaintiffs' rebuttal expert disclosures are due on March 24.  Moreover, Judge York authorized the parties to continue scheduling fact depositions even after January 31, 2025.  As a result, the Parties have currently scheduled five depositions after that deadline, extending to February 18, 2025.

The Parties also addressed with Magistrate Judge York that extending the deadlines for fact discovery and expert disclosures meant that the timeframe for expert discovery would now overlap with the current deadline (March 21, 2025) for filing dispositive motions and *Daubert* motions and for Plaintiffs to file a motion for class certification. Magistrate Judge York advised that the Parties should address that overlap with the Court at the February 4 status conference. All parties agree that some adjustment to the existing Scheduling Order is warranted, though the parties have differing views as to such extension.  To that end, Plaintiffs and the AMEC Defendants propose the following:

4

(1) The Court set a new deadline for the close of expert discovery as April 23, 2025. This would be 30 days after the current March 24 deadline for Plaintiffs, Cross-Plaintiffs, and Third-Party Plaintiffs to disclose rebuttal experts. The previous deadline for the close of expert discovery was 30 days after the deadline for Plaintiffs' rebuttal expert disclosures.

(2) The Court set a new deadline for filing dispositive motions and *Daubert* motions and for Plaintiffs to file a class certification motion as May 7, 2025. This would provide the Parties with two weeks after the close of expert discovery to incorporate any relevant expert material into their respective briefing.

Symetra and Newport, however, propose the following schedule:

|  | Current Deadline | Plaintiffs/AMEC Proposed Deadline | Newport/Symetra Proposed Deadline |
|---|---|---|---|
| Plaintiff Expert Reports | January 31, 2025 | January 31, 2025 | January 31, 2025 |
| Defendant Expert Reports | March 3, 2025 | March 3, 2025 | April 11, 2025 |
| Rebuttal Expert Reports | March 24, 2025 | March 24, 2025 | May 2, 2025 |
| Close of Expert Discovery | February 18, 2025 | April 23, 2025 | May 23, 2025 |
| Class Certification Motion | March 21, 2025 | May 7, 2025 | May 7, 2025 |
| MSJ + Daubert Motions | March 21, 2025 | May 7, 2025 | June 27, 2025 |

In support of this proposed extension, Newport notes that its undersigned counsel has been **ordered** by the Southern District of New York (Judge Halpern) to

5

appear for a jury trial commencing on April 15, 2025. *Khan v. Board of Directors of Pentegra Defined Contribution Plan, et. al.*, 20-cv-07561-PMH, ECF Dkt, 274. Accordingly, completion of expert discovery under the other Parties' proposed schedule – by April 23 (when Newport's counsel is scheduled to be in trial) – would be unduly burdensome for Newport. Additionally, the short extension proposed by Newport and Symetra would not prejudice any of the parties, especially given that the parties' respective *Daubert* and summary judgment motions necessarily will take into account the parties' respective expert discovery.

**II.   Status of Discovery**

Discovery commenced on September 9, 2022. [ECF No. 78, p. 2].

**a. Written Discovery**

Plaintiffs served discovery requests on most Parties named in the First Consolidated Amended Complaint the first day that discovery commenced and served all Parties that made an appearance after that by the end of September. Since then, Plaintiffs have served subsequent sets of written discovery on most of the Parties. Plaintiffs served Sandra Harris and Day and Night Solar, the new defendants named in the Second Consolidated Amended Complaint, with their first set of interrogatories and requests for production of documents on October 19 and October 30, 2024, respectively. Sandra Harris provided responses on November 22, but Plaintiffs have been conferring with Ms. Harris regarding the substance of her responses. As noted below, Plaintiffs learned for the first time during Ms. Harris's deposition that she never searched Dr. Harris's home office for documents responsive to Plaintiffs'

6

discovery requests. Plaintiffs are conferring with her counsel about that issue. Day and Night Solar sought a two-week extension on its responses to December 13 but failed to provide responses then as recounted in Plaintiffs' motion to compel. [ECF No. 673]. Day and Night Solar served its interrogatory responses on January 22 but failed to provide its responses to Plaintiffs' requests for production of documents. Additionally, Day and Night Solar objected to several interrogatories on the basis that a protective order needed to be entered first. Plaintiffs identified to Day and Night Solar that a protective order was entered on October 28, 2022 [ECF No. 127] and requested its interrogatory responses to be supplemented accordingly. Plaintiffs have raised these deficiencies with Day and Night Solar's counsel.

Symetra served discovery requests on the AMEC Defendants in May of 2023, which the AMEC Defendants responded to in June of 2023. AMEC has not yet produced several sets of documents it has agreed to produce, including responsive emails from Bishop Ingram, Bishop Davis, Bishop Green, Bishop Cousin, Bishop Zanders, Bishop White, the AMEC CIO, and Dr. Miller. Symetra also served discovery requests on Plaintiffs, Defendant Eaton, and Defendant Jerome Harris on June 30, 2023. Defendant Jerome Harris responded to Symetra's requests on July 28, 2023. Defendant Eaton served his responses on August 11, 2023, and Plaintiffs served their responses on August 31, 2023. On August 6, 2024, Symetra served a second set of interrogatories and requests for production of documents on Plaintiffs. Plaintiffs responded to these on September 5, 2024, and provided supplemental responses on October 1, 2024. On December 20, 2024, Symetra served a third set of

interrogatories and requests for production on Plaintiffs. Plaintiffs timely responded to those requests on January 21, 2025.

On January 10, 2025, Sandra Harris served Plaintiffs with her first set of discovery requests. Plaintiffs believe that these requests were untimely as they were served less than thirty days from the close of discovery but agreed under the circumstances to respond (without waiving their objections to the timeliness of the requests).

Newport served requests for production on Plaintiffs in May of 2023. Plaintiffs served their written responses and objections to those requests on June 21, 2023. Newport also served the AMEC Defendants with requests for production in May of 2023. The AMEC Defendants served their written responses and objections to those requests on July 20, 2023. Newport served additional requests for production on the AMEC Defendants on March 29, 2024. The AMEC Defendants served written responses and objections to those requests on May 1, 2024. Newport also served requests for production on Rodney Brown on April 19, 2024. Rodney Brown served documents responsive to the requests, including documents received from the FBI and SEC, on October 7 and October 8, 2024.

The AMEC Defendants served written discovery requests to Dr. Jerome Harris on June 16, 2023, and Harris served responses on July 24, 2023. Plaintiffs understand that additional documents possessed by Dr. Harris were seized as part of a related criminal investigation. These 852 documents were produced by the AMEC Defendants on October 19, 2023 (and are not included in the chart below). Plaintiffs

8

also produced four boxes of documents that were produced in hard copy by the Motorskill defendants. On May 15, 2024, Defendant Financial Freedom Group, Inc. served Plaintiffs with its first requests for production of documents. Plaintiffs timely responded on June 14, 2024.

On August 14, 2024, Symetra served its responses to Mr. Brown's first request for production of documents. Symetra then served supplemental responses to the requests for production on November 1, 2024. Mr. Brown served his first set of interrogatories and requests for production of documents to Newport and first set of interrogatories to Symetra on September 27, 2024. Mr. Brown served his first set of interrogatories and requests for production to the AMEC Defendants on July 10, 2024. The AMEC Defendants provided responses and responsive documents October 11, 2024.

The Parties have been producing documents, with the following having been produced to date:[2]

| Defendant | Date of Production | Number of Documents Produced |
|---|---|---|
| AME Church | 4/29/2023 | 617 |
| | 2/23/2024 | 39 |
| | 3/25/2024 | 17 |
| | 4/15/2024 | 3 |
| | 4/30/2024 | 161 |
| | 5/01/2024 | 3 |
| | 09/16/2024 | 590 |
| | 10/01/2024 | 1,358 |
| Robert Eaton | 12/13/2022 | 711 |
| | 7/08/2024 | 1 |

---

[2] A small number of additional documents were produced under Rule 408 of the Federal Rules of Evidence and may not have been produced to all Parties in this litigation. Those documents are not identified in this chart.

9

|  | 7/30/2024 | 504[3] |
|---|---|---|
|  | 8/8/2024 | 157 |
|  | 8/29/2024 | 8 |
| Dr. Jerome Harris | 12/28/2022 | 21 |
|  | 2/28/2023 | 4 |
|  | 7/24/2023 | 5 |
|  | 6/12/2024 | 1,122 |
| Symetra Life Insurance | 1/5/2023 | 889 |
|  | 2/8/2023 | 5 |
|  | 3/17/2023 | 51 |
|  | 4/12/2023 | 1,465 |
|  | 6/29/2023 | 4,439 |
|  | 11/17/2023 | 90 |
|  | 3/18/2024 | 23 |
|  | 4/10/2024 | 400 |
|  | 4/18/2024 | 28 |
|  | 7/02/2024 | 21 |
|  | 7/24/2024 | 11 |
|  | 09/03/2024 | 1 |
|  | 11/01/2024 | 62 |
| Newport Group | 1/31/2023 | 667 |
|  | 2/1/2023 | 5 |
|  | 3/7/2023 | 5 |
|  | 3/31/2023 | 1,157 |
|  | 6/2/2023 | 6,009 |
|  | 7/5/2023 | 5,472 |
|  | 3/27/2024 | 1,633 |
|  | 1/21/2025 | 21 |
| Rodney Brown | 4/25/2024 | 7 |
|  | 10/7/2024 | 2,532[4] |
| Plaintiffs[5] | 9/1/2022 | 884 |
|  | 6/21/2023 | 217 |
| Sandra Harris | 11/22/2024 | 10 |

b. **Third-Party Discovery**

---

[3] This reflects the number of pages in the production, rather than the unique number of files.

[4] This reflects the number of pages in the production, rather than the unique number of files.

[5] This reflects the cumulative number of pages, rather than unique documents, produced by all Plaintiffs.

10

The Parties have also engaged in discovery of third parties and have sent subpoenas to the following individuals/entities and received the following documents:

| Subpoenaed Party | Date of Service | General Documents Sought | Number of Documents Produced |
|---|---|---|---|
| Dr. Richard Allen Lewis | 12/7/2022 | documents related to AME's finances | 0 |
| Gregory Terrell & Company | 12/8/2022 | documents related to audit of AME's retirement fund after Dr. Harris's retirement | 0 |
| Day & Night Solar | 12/8/2022 | documents related to investments and transactions with AME's retirement fund | 24 |
| Hoskins & Company | 12/8/2022 | documents related to audit of AME's retirement fund after Dr. Harris's retirement | 0 |
| Deutsche Bank Securities | 3/27/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 81 |
| J.P. Morgan Securities, LLC | 5/30/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 1,214[6] |
| Regions Bank | 3/7/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 765 |
| Truist Bank | 3/10/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 827 |
| UBS Financial | 3/9/2023 | bank account records related to entities controlled by Dr. Harris and/or Robert Eaton | 0 |

---

[6] This refers to the number of pages in the production, rather than the unique number of files.

11

| | | | |
|---|---|---|---|
| | | and/or Motorskill entities | |
| CBiz, Inc. | 5/2/2023 | accounting and corporate records related to entities controlled by Dr. Harris and/or Robert Eaton | 377 |
| Connie Brown | 8/6/2024 | Documents related to AMEC investigation | 1,919 |
| Ryan Erwin | 8/6/2024 | Documents related to Motorskill | 28 |
| Gregory Terrell & Company | 8/6/2024 | Documents related to AMEC investigation | 241 |
| Graeme Critchley | 9/27/2024 | Documents related to Motorskill | Still Awaiting Response |
| Robert Follette | 9/26/2024 | all communications and documents related to the litigation | 32 |
| Jim Daniel | 10/18/2024 | all communications and documents related to the litigation | 0 |
| Scott Bartholomaus | 10/18/2024 | all communications and documents related to the litigation | 0 |
| Mark Yahoudy | 10/18/2024 | all communications and documents related to the litigation | 3 |
| Mark Simonetto | 10/29/2024 | all communications and documents related to the litigation | 17 |
| Greg Clarke | 11/1/2024 | all communications and documents related to the litigation | 0 |
| Strategic Financial Partners | 1/17/2025 | All documents and communications related to investments by Dr. Jerome Harris and/or Ms. Sandra Harris | Still Awaiting Response |
| Frank C. Davis & Associates | 1/22/2025 | All documents and communications related to investments by Dr. Jerome Harris and/or Ms. Sandra Harris | Still Awaiting Response |

The Parties are evaluating whether to send any additional subpoenas to any

12

of these third-parties or any new third-parties.

### c. Depositions

The Court entered an Order Establishing Guidelines for Depositions on February 28, 2024. [ECF No. 343].

The Parties will have taken forty-eight depositions (not counting when some depositions were recessed and completed at later dates) as of the February 4 status conference, with five more to complete. Per Magistrate Judge York's order at the January 10 hearing, the Parties have endeavored to take all depositions before the close of discovery on January 31. However, due to witness and counsel scheduling issues, the Parties had six depositions that could not be completed by then, but the Parties have agreed to take these depositions past the close of fact discovery. Attached as **Exhibit A** to this report is a chart showing the status of depositions taken, scheduled, and remaining to be scheduled. The Parties have collectively scheduled nearly all of the depositions that they intend to take and are working cooperatively to schedule the last remaining deposition.

### i. Summary of Depositions Taken Since the December 2024 Status Conference

Since the last status conference, the Parties will have taken twelve depositions by February 4. The Parties first took the depositions of two AME Bishops, concluding the previously recessed deposition of Bishop Davis on January 8 and taking the deposition of Bishop Zanders on January 9. Those depositions both took place in Atlanta.

The following week, the Parties took the depositions of Connie Brown on

13

January 13 in Chicago (she assisted AMEC with its initial investigation into the facts that gave rise to this lawsuit), Bishop Cousin remotely on January 14, a second deposition of former Newport employee Mark Yahoudy remotely on January 15, and defendant Sandra Harris on January 17 in Memphis. During Ms. Harris's deposition, the Parties learned for the first time that she has never searched Dr. Harris's home office for documents responsive to Plaintiffs' discovery requests. Plaintiffs are in the process of conferring with Ms. Harris's lawyer about this issue.

Dr. Miller's (the executive director of the retirement plan that succeeded Dr. Harris) previously recessed deposition was concluded on January 21 in Chicago. Gregory Terrell (a CPA that also assisted AMEC with its initial investigation into the facts that gave rise to this lawsuit) was deposed on January 28 in Detroit. Former Symetra employee Jim Daniels is set to be deposed remotely for the second time on January 29, followed by Bishop Ingram in Atlanta on January 30, and former Symetra employee Richard Lindsay remotely on January 31. Finally, a Rule 30(b)(6) deposition of Day and Night Solar is scheduled to take place remotely on February 3. The Parties are still discussing which topics will be covered in that deposition, and Plaintiffs may need to file a motion to compel regarding some of the topics.

The remaining depositions set to take place after the status conference are: former Symetra employee Linda Mahaffey remotely on February 6, Symetra's CEO Margaret Meister in Seattle on February 11, a Rule 30(b)(6) deposition of Newport in Seattle on February 13, and former Symetra employee Jon Parker remotely on February 18.

14

### ii. Remaining Depositions to Be Scheduled

Other than potentially needing to complete Plaintiffs' Rule 30(b)(6) deposition of Defendant Day and Night Solar on February 3, depending on the topics ultimately covered, the only deposition that remains to be scheduled is former Symetra employee Scott Bartholomaus. Regarding Mr. Bartholomaus, the Parties are sensitive to some extenuating circumstances that are impacting his ability to appear for a deposition in the short term. Notwithstanding those concerns, the Parties understand and expect that he will be available for this deposition in March and will endeavor to take it sooner if he is available.

### III. Erwin Bankruptcy Proceedings

Plaintiffs and AMEC have both dismissed their adversary proceedings against Jarrod Erwin.

### IV. Mediation Efforts

As discussed at earlier status conferences, Plaintiffs, the AMEC Defendants, the Eaton Defendants, Newport, Symetra, and Dr. Harris agreed to engage in an early mediation with the Hon. Justice Janice M. Holder (Ret.). That mediation occurred on February 6, 2023. Two additional mediations occurred between Plaintiffs and the AMEC Defendants with the Hon. Justice Janice M. Holder (Ret.), on May 4, 2023 and on July 30, 2024. At the last mediation session, the Plaintiffs and the AMEC Defendants were able to reach an agreement in principle to resolve the Plaintiffs' claims against the AMEC Defendants. They have since finalized their settlement agreement and filed their motion for preliminary approval on December 13, which is

15

scheduled be heard by the Court at the February 4 status conference.

Plaintiffs believe that the deposition testimony so far has clarified the issues in the case to the extent that another mediation session in the near future with other Parties could be productive.

## V. Proposed Schedule for Future Status Conferences

The Court has already scheduled the next two status conferences for April 30, 2025 and June 26, 2025. The Parties propose that the Court continue scheduling future status conferences approximately every sixty days with a remote attendance option (either by telephone or video-conferencing) for Parties that are unable or may not need to attend each status conference in person so as to limit the costs and burdens associated with attending each conference. The Parties propose the next status conference be scheduled now to occur during the week of August 25, 2025.

## VI. Conclusion

The Parties appreciate the Court's diligent management of this matter and welcome the opportunity to address any additional matters the Court would like to discuss at the February 4, 2024 status conference.

Respectfully submitted this the 28th day of January, 2025.

| Plaintiffs' Counsel | Defendants' Counsel |
|---|---|
| **Plaintiffs' Interim Co-Lead Counsel**<br><br>*/s/ Matthew E. Lee*<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** | **Counsel for AMEC Defendants**<br><br>*/s/ Bruce McMullen*<br>Bruce McMullen<br>Mary Wu Tullis<br>Jennie Vee Silk |

16

| | |
|---|---|
| 900 W. Morgan Street<br>Raleigh, NC 27603<br>919-600-5000<br>Fax: 919-600-5035<br>mlee@milberg.com<br><br>*/s/ Gregorio Francis*<br>Gregorio A. Francis<br>**OSBORNE & FRANCIS LAW FIRM, PLLC**<br>2707 E. Jefferson Street<br>Orlando, FL 32803<br>(561) 293-2600<br>Fax: (561) 923-8100<br>gfrancis@realtoughlawyers.com | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**<br>165 Madison Ave., Ste 2000<br>Memphis, TN 38103<br>t: 901-577-2356<br>f: 901-577-2303<br>bmcmullen@bakerdonelson.com<br>mtullis@bakerdonelson.com<br>jsilk@bakerdonelson.com |
| **Plaintiffs' Liason Counsel**<br><br>J. Gerard Stranch, IV<br>**STRANCH, JENNINGS, & GARVEY PLLC**<br>223 Rosa L. Parks Avenue, Suite 200 Nashville, Tennessee 37203<br>(615) 254-8801<br>Fax: (615) 255-5419<br>gstranch@stranchlaw.com | **Counsel for Newport Group, Inc.**<br><br>*/s/ Mark C. Nielsen*<br>Mark C. Nielsen<br>Lars C. Golumbic<br>Shaun A. Gates<br>Edward J. Meehan<br>**GROOM LAW GROUP, CHARTERED**<br>1701 Pennsylvania Ave NW, Ste 1200<br>Washington, DC 20006<br>t: 202-861-6605<br>mnielsen@groom.com<br>lgolumbic@groom.com<br>sgates@groom.com<br>emeehan@groom.com |
| **Plaintiffs' Steering Committee**<br><br>Kenneth S. Byrd<br>**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>222 2nd Ave S<br>Nashville, TN 37210<br>615-313-9000 | **Counsel for Symetra Life Insurance Company and Symetra Financial Corporation**<br><br>*/s/ Benjamin Stoll*<br>Benjamin Michael Stoll<br>Markham Richard Leventhal<br>Nathaniel G. Foell |

17

| | |
|---|---|
| Fax: 615-313-9965<br>kbyrd@lchb.com<br><br>Susan Meter<br>**KANTOR & KANTOR LLP**<br>19839 Nordhoff Street<br>Northridge, CA 91324<br>818-886-2525<br>Fax: 818-350-6274<br>smeter@kantorlaw.net<br><br>Dhamian Blue<br>**BLUE LLP**<br>P.O. Box 1730<br>Raleigh, NC 27602<br>919-833-1931<br>Fax: 919-833-8009<br>dab@bluellp.com<br><br>Julie Nepveu<br>**AARP Foundation**<br>601 E Street, NW<br>Washington, DC 20049<br>(202) 434-2075<br>Fax: (202) 434-6424<br>jnepveu@aarp.org<br><br>Richard Schulte<br>**WRIGHT & SCHULTE LLC**<br>865 S. Dixie Dr.<br>Vandalia, OH 45377<br>937-435-9999<br>Fax: 937-435-7511<br>rschulte@yourlegalhelp.com | **CARLTON FIELDS, P.A.**<br>1025 Thomas Jefferson Street, NW<br>Suite 400 West<br>Washington, DC 20007<br>t: 202-965-8189<br>f: 202-965-8104<br>bstoll@carltonfields.com<br>mleventhal@carltonfields.com<br>nfoell@carltonfields.com |
| | **Counsel for Robert Eaton and**<br>**Financial Freedom Group, Inc.**<br><br>*/s/ Clarence Wilbon*<br>Clarence A. Wilbon<br>John Davis Woods, III<br>Roscoe Green<br>**ADAMS AND REESE, LLP**<br>6075 Poplar Avenue, Suite 700<br>Memphis, TN 38119<br>t: 901-524-5324<br>f: 901-524-5414<br>clarence.wilbon@arlaw.com<br>john.woods@arlaw.com<br>roscoe.green@arlaw.com |
| | **Counsel for Jerome V. Harris**<br><br>*/s/ Will Perry*<br>Will Perry<br>Samuel Keenan Carter<br>**BUTLER SNOW LLP**<br>6075 Poplar Ave., Suite 500<br>Memphis, TN 38119<br>t: 901-680-7200<br>will.perry@butlersnow.com<br>keenan.carter@butlersnow.com |
| | **Counsel for Jarrod Erwin**<br><br>*/s/ Perry Craft* |

18

|  | Perry A. Craft<br>**LAW OFFICE OF PERRY A. CRAFT, PLLC**<br>402 BNA Drive, Building 100, Suite 402<br>Nashville, TN 37217<br>t: 615-953-3808<br>f: 615-739-6292<br>perrycraft@craftlegal.com |
|---|---|
|  | **Counsel for Sandra Harris**<br><br>*/s/ Alexander Wharton*<br>Alexander Wharton<br>**The Wharton Law Firm**<br>1575 Madison Ave.<br>Memphis, TN 38104<br>t: 901-726-6884<br>alexanderwharton@thewhartonlawfirm.com |
|  | **Counsel for Day and Night Solar**<br><br>*/s/ Nicholas E. Bragorgos*<br>Nicholas E. Bragorgos<br>R. Scott McCullough<br>81 Monroe Ave., Sixth Floor<br>Memphis, TN 38103<br>Tel: 901-624-0640<br>Fax: 901-624-0650<br>nbragorgos@mbbslaw.com<br>smccullough@mbbslaw.com |