# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

In re: AME Church Employee Retirement Fund Litigation

Case No. 1:22-md-030335-STA-jay

## OBJECTION TO ANY SETTLEMENT REQUIRING PAYMENT OF SERVICE AWARDS, AND ATTORNEYS FEES BY THE AME DEFENDANT AT THIS TIME

The undersigned Class Participant files this objection on behalf of all Class Participants and would state the following:

1. My name is James T. Golden. I am a retired Itinerant Elder in the AME Church.

2. My address is 4815 11th Avenue Circle East, Bradenton, Florida 34208.

3. My cell telephone number is 941-773-4031 My e-mail is: jamethegold@aol.com.

4. The grounds for my objection are connected to the estimated net settlement amount I would receive from any settlement reached as proposed, which is **$17,118.16.** The pool of funds from which this amount would be drawn is Twenty Million Dollars from an AME Settlement amount and Forty Million Dollars from a Newport Settlement amount for a total of Sixty Million Dollars less any award of attorneys' fees, costs, appropriate service awards. The attorneys' fees requested are up to 331/3 percent of the combined Settlement amounts. Also, a portion of the total costs sought by class counsel of $1, 326,003.68 and the total service awards for the ten (10) named Plaintiffs of $200,000 would be subtracted from any net settlement I would receive. This calculation would be the same for all of the class participants, except for the members of the class who are also Plaintiffs in this case, and each of whom would additionally receive the aforementioned $20,000 service award.

In the AME Defendant settlement filing of March 4, 2025, at paragraph 5.1 the representation was made that the Class Counsel did not plan at that time to make an application

for attorneys' fees and costs or for payment of a service award to named plaintiffs. At that time, Class Counsel expected to make such a request "…at such time as the full extent of the recovery available in this Action comes more clearly into focus…" The filing by Class Counsel bearing the same date, does not contain any of this language in its paragraph numb 5.1.

The Motion filed by Class Counsel on May 7, 2025, contains no indication of what, if anything, has come "…more clearly into focus…" to justify their request that this court now award the full 33 1/3 percent for attorneys' fees and the $200,000 in service awards to the named Plaintiffs. The fairness, reasonableness, and adequacy of the settlement, by the admissions and representations of Class Counsel, cannot be fully ascertained at this time considering, generally the lack of any input regarding the status of litigation between the parties who have not yet settled and, specifically with the absence of any evidence before the court as to what has happened between March 4, 2025 and May 5, 2025, that might be considered to have brought the totality of this litigation "…more clearly into focus…"

5. All of the class members will suffer the harm described herein and are witnesses hereto.

6. No exhibits are presently contemplated.

7. I am a member of The Florida Bar and I will be representing myself.

8. I intend to appear at the Fairness Hearing.

9. My objection applies to the entire class in that the requested maximum attorneys' fees and service awards should not be granted

10. I object to the inconsistencies in paragraphs 5.1 in both of the settlement agreements.

CERTIFICATE OF SERVICE

    This is to certify that on June 6, 2025, a copy of the foregoing was served on all counsel of record at the e-mail address on file in this case.

                                             /s/ Rev. James T. Golden_____

                                             Rev. James T. Golden